THIS OPINION IS NOT INTENDED FOR PUBLICATION OR CITATION. THE AVAILABILITY OF THIS OPINION, IN ELECTRONIC OR PRINTED FORM, IS NOT THE RESULT OF A DIRECT SUBMISSION BY THE COURT.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 ) ) CASE NO. 04-62495 |
| JOSEPH D. HUFFMAN, DIANE J. HUFFMAN, | ) ) ) JUDGE RUSS KENDIG |
| Debtors. | ) ) ) **MEMORANDUM OPINION** ) **(WRITTEN OPINION)** |

This matter comes before the court upon an affidavit of Chapter 7 trustee Anne Piero Silagy (hereafter "Trustee").

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157, and the general order of reference entered in this district on July 16, 1984. This is a core proceeding over which the court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A). Venue in this district and division is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

Debtors filed a chapter 7 petition on May 10, 2004. Trustee filed a motion to compromise the equity in a 1999 Isuzu truck on October 20, 2004. Trustee sought authorization to accept $10,000 from Debtor Joseph Huffman through the compromise. The $10,000 sum was payable to Trustee in twenty-five monthly installments of $400 each. The motion stated that Mr. Huffman's failure to make the payments as required would entitle Trustee to revoke his discharge upon an affidavit of default, without further notice or hearing. The court approved the motion on November 3, 2005. Trustee filed an affidavit of default stating that Joseph Huffman failed to make the monthly payments as required by the order.

Fed. R. Bankr. P. 7001 lists the types of actions that are adversary proceedings. The rule defines an adversary proceeding to include "a proceeding to object to or revoke a discharge." Fed. R. Bankr. P. 7001(4). Further, Fed. R. Bankr. P. 7003 provides that an adversary proceeding is commenced by filing a complaint, not simply by submitting a motion. While a

1

trustee has certain powers and duties that differ from those of other creditors, a trustee does not have the ability to revoke a discharge in the absence of an adversary proceeding and must proceed procedurally as does an individual creditor. Fed. R. Bankr. P. 7003; See Karr v. Pankey (In re Pankey), 122 B.R. 710, 712 (Bankr. W.D. Tenn. 1991) (holding that an action to revoke discharge must be by a timely filed adversary proceeding or complaint); In re Harmon, 324 B.R. 383 (Bankr. M.D. Fla. 2005) (holding that order granting motion to compel turnover of documents which states that discharge will be denied without further hearing if debtors fail to turnover documents does not alleviate the requirement that a trustee file an adversary proceeding to object to discharge).

In this case, Trustee attempts to revoke Mr. Huffman's discharge pursuant to an affidavit filed with the court after an order granting her motion to compromise provided that his discharge could be revoked upon affidavit of Trustee. Despite the language included in the order, the court cannot revoke Mr. Huffman's discharge pursuant to Trustee's affidavit because such practice would circumvent the unambiguous procedure for revoking a discharge provided by the Federal Rules of Bankruptcy Procedure.

A separate order is issued herewith.

/s/ Russ Kendig
NOV -2 2006

**Judge Russ Kendig**
**U.S. Bankruptcy Judge**

2

## Service List

Joseph & Diane Huffman
1044 Meadowbrook Ave.
Alliance, OH 44601

Thomas Tangi
2040 S. Union Ave.
Alliance, OH 44601

Anne Piero Silagy
220 Market Ave. S.
#300
Canton, OH 44702

Bruce R. Schrader, II
Roetzel & Andress
222 S. Main Street
Suite 400
Akron, OH 44308